IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QVC, INC. | : | |
| v. | : | CIVIL ACTION NO. 15-3643 |
| DOUGLAS RAE, et al. | : | |

### ORDER

AND NOW, this _____ day of _____, 2015, the motion of the United States to intervene and to stay civil discovery is GRANTED. The parties to this matter are to cease taking discovery in the above-captioned matter until further order of the Court. It is further ordered that plaintiff's service obligation is hereby tolled until further order of the Court.

BY THE COURT:

_____
HONORABLE Jeffrey L. Schmehl
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QVC, INC. | : | |
| v. | : | CIVIL ACTION NO. 15-3643 |
| DOUGLAS RAE, et al. | : | |

## MOTION OF THE UNITED STATES
## TO INTERVENE AND STAY CIVIL PROCEEDINGS

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Nancy E. Potts, Assistant United States Attorney for the district, respectfully moves to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure, and to stay discovery and the civil proceedings in this case pending the resolution of the parallel criminal case. In support of the motion, the government states:

1. On September 17, 2015, a federal grand jury sitting in this district returned an indictment charging Douglas S. Rae with mail fraud, wire fraud and conspiracy to commit wire fraud, and money laundering, all arising from his defrauding his former employer, referred to in the indictment as "Company A," through various fraudulent invoice schemes. That case, Criminal Case No. 15-432, is currently pending before the Honorable Gene E. K. Pratter. On September 18, 2015, the same day that the indictment in Criminal Case No. 15-432 was unsealed, defendants Michael H. Keppler and John R. Hodde were charged in separate informations (Criminal Case Nos. 15-444 and 15-445, respectively) in cases related to Criminal Case No. 15-432. The Keppler and Hodde cases, too, are pending before the Honorable Gene E. K. Pratter.

2. The criminal cases and this civil action arise from the same underlying facts. Permitting the civil discovery process to proceed at this time will potentially jeopardize the

integrity and success of the criminal prosecutions. *See S.E.C. v. Nicholas*, 569 F. Supp.2d 1065, 1069-73 (C.D. Cal. 2008) (noting that a stay of a civil S.E.C. proceeding is appropriate to maintain the integrity of the criminal discovery process, and the public interest is best served by permitting the criminal case to be resolved first). The civil discovery process also potentially adversely impacts the posture of Douglas S. Rae and others in the civil case, who may wish to invoke their Fifth Amendment privilege until the conclusion of the criminal case. *See Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir.1979) ("Because staying discovery would not impose undue hardship on defendant and, therefore, would protect the party exercising a constitutional privilege from unnecessary adverse consequences, we believe the court abused its discretion in denying [plaintiff's] Motion for a Protective Order and dismissing the lawsuit."); Nicholas, 569 F. Supp.2d at 1069 ("parallel proceedings will undoubtedly implicate the Fifth Amendment rights of the parties and witnesses"). Thus, the government respectfully requests that discovery in this civil proceeding be stayed pending resolution of the parallel criminal case. Furthermore, it is the government's understanding that plaintiff QVC, Inc. has not yet effectuated service of the complaint on the defendants. Therefore, we also request that the Court's order include a provision tolling the plaintiff's service obligation.

3. Nathaniel Metz and Amy S. Kline, counsel for plaintiff QVC, Inc., have informed the government that plaintiff has no objection to the government's motion to intervene and to stay the civil matter, as well as the tolling provision.

WHEREFORE, the government respectfully moves the Court to grant its motion to intervene and for an Order staying the civil proceedings pending resolution of the parallel criminal cases.

Respectfully Submitted,

ZANE DAVID MEMEGER
United States Attorney

NANCY E. POTTS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed, and was served by First Class U.S. Mail upon the following:

**Nathaniel Metz, Esq.**
**Amy S. Kline, Esq.**
**Shanna P. O'Neal, Esq.**
1200 Liberty Ridge Drive,
Suite 200
Wayne, PA 19087-5569
*counsel for QVC, Inc.*

**Michael Keppler**
171 Claremont Road
Ridgewood, NJ 07450

**Douglas S. Rae**
5563 Daisy Lane
Coopersburg, PA 18036

3689 Fire Lane
Bethlehem, PA 18015

**Keppler Engineers, LLC**
171 Claremont Road
Ridgewood, NJ 07450

**Cathy Rae**
5563 Daisy Lane
Coopersburg, PA 18036

3689 Fire Lane
Bethlehem, PA 18015

**John Hodde**
6437-G General Green Way
Alexandria, VA 22312

232 Glenview Drive
Aubrey, TX 76227

**Lighting Equipment Sales and Service, Inc.**
1336 Turner Street
Allentown, PA 18102

**Barbizon Capitol, Inc.**
6437-G General Green Way
Alexandria, VA 22312

**Lighting Products International, Inc.**
1336 Turner Street
Allentown, PA 18102

Date: September 18, 2015

_____
Nancy E. Potts
Assistant United States Attorney