IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QVC, INC., <br>     Plaintiff, <br><br> v. <br><br> DOUGLAS RAE, et al. <br><br>     Defendants. | CIVIL ACTION NO. 15-3643 |

**FILED**
FEB 14 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

### STIPULATED ORDER

Plaintiff, QVC, Inc. ("Plaintiff"), by and through its attorneys at the law firm of Saul Ewing LLP, and the United States of America, by and through its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Denise Wolf, Assistant United States Attorney for the Eastern District of Pennsylvania, hereby agree and stipulate, subject to the approval of the Court, as follows:

### RECITALS

WHEREAS, on or about June 30, 2015, Plaintiff commenced the above-captioned civil action (the "Civil Action") by the filing of a Complaint-Civil Action (the "Complaint") against Douglas Rae ("Rae"), Michael Keppler ("Keppler"), John Hodde ("Hodde"), Douglas Rae, Cathy Rae, Lighting Equipment Sales and Service, Inc., Lighting Products International, Inc., Keppler Engineers, LLC, Barbizon Capitol, Inc., and John Does 1-50 (collectively, "Defendants," unless stated otherwise) asserting various claims against Defendants arising from an asserted scheme to misappropriate more than $1.5 million from Plaintiff;

WHEREAS, contemporaneously with the filing of the Complaint, Plaintiff filed the **Motion of Plaintiff QVC, Inc. to Seal the Complaint** (the "Motion to Seal") seeking to have

the Complaint placed under seal as Plaintiff's claims against the Defendants involves the same underlying conduct, as a then ongoing investigation of some or all of the Defendants by law enforcement authorities of the United States of America under the auspices of the United States Attorney's Office for the Eastern District of Pennsylvania (the "USA"), and, as set forth in the Motion to Seal, Plaintiff contended that its release of facts might hinder, prejudice or otherwise jeopardize the investigation by the USA;

WHEREAS, as a result the Motion to Seal, the Civil Action and its docket was placed under seal by the Court;

WHEREAS, on September 17, 2015, a federal grand jury in this judicial district charged Rae in a 35-count for mail fraud, in violation of 18 U.S.C. § 1341 and 1349 (Counts One through Seven), wire fraud, in violation of 18 U.S.C. § 1343 and 1349 (Counts Eight through Twenty-Two), and money laundering, in violation of 18 U.S.C. § 1957 (Counts Twenty-Three through Thirty Two), thereby giving rise to a criminal case docketed and pending as *United States of America v. Douglas S. Rae*, U.S.D.C. E.D.Pa. Criminal Case No. 15-cr-00432 (the "Rae Criminal Case");

WHEREAS, on September 18, 2015, the USA filed an information against Keppler charging him with two counts of wire fraud in violation of 18 U.S.C. § 1343 and 1349, thereby giving rise to a criminal case docketed and pending as *United States of America v. Michael H. Keppler*, U.S.D.C. E.D.Pa., Criminal Case No. 15-cr- 00444 (the "Keppler Criminal Case");

WHEREAS, on September 18, 2015, the USA filed an information against Hodde charging him with various counts of mail fraud in violation of 18 U.S.C. § 1341 and 1349, wire fraud in violation of 18 U.S.C. § 1343 and 1349, and money laundering in violation of 18 U.S.C. § 1957, thereby giving rise to a criminal case docketed and pending as *United States of America*

*v. John R. Hodde*, U.S.D.C. E.D.Pa., Criminal Case No. 15-cr- 00445 (the "Hodde Criminal Case");

WHEREAS, on September 18, 2015, the USA filed a **Motion to Intervene and Stay Civil Proceedings** (the "Motion to Intervene and Stay") in the Civil Action, requesting that the Court stay the Civil Action, because the criminal action and this Civil Action arise from the same underlying facts and permitting civil discovery to proceed would potentially jeopardize the integrity and success of the criminal prosecutions in the Rae Criminal Case, the Keppler Criminal Case and the Hodde Criminal Case;

WHEREAS, Plaintiff made no objection to, but rather consented to, entry of an Order by this Court granting the Motion to Intervene and Stay;

WHEREAS, the Motion to Intervene and Stay, in relevant part, included a provision tolling the period of time for Plaintiff to serve any and all of the Defendants with original process in the Civil Action;

WHEREAS, on October 1, 2015, this Court granted the Motion to Intervene and Stay, ordering that "the parties in this matter are to cease taking discovery in the above-captioned matter until further order of the Court. It is further ordered that Plaintiff's service obligation is hereby tolled until further order of the Court[;]"

WHEREAS, Keppler pleaded guilty in the Keppler Criminal Case to both counts against him and, on January 18, 2017, Keppler was sentenced to probation for a period of 15 months on each of the two counts, with such periods to run concurrently, together with a fine of $20,000 and an assessment of $200, and, in addition, was ordered to pay restitution to Plaintiff in the amount of $174,219.04;

WHEREAS, Hodde pleaded guilty in the Hodde Criminal Case to two counts of wire fraud, and, on January 17, 2017, Hodde was sentenced to probation for a period of 30 months on each of the two counts, with such periods to run concurrently, together with a fine of $30,000 and an assessment of $200, and, in addition, was ordered to pay restitution to Plaintiff in the amount of $686,273.32;

WHEREAS, Rae pleaded guilty in the Rae Criminal Case to three counts of mail fraud, three counts of wire fraud and one count of money laundering, and, on January 31, 2017, was sentenced (a) to be imprisoned for a total term of 78 months on each count, which such terms to run concurrently, (b) three years period of supervised release on each count, to run concurrently, following release from custody, (c) a fine of $10,000 and an assessment of $700, and (d) to pay restitution to Plaintiff in the amount of $1,804,058.85; and

WHEREAS, the prosecutions in the Keppler Criminal Case, the Hodde Criminal Case and the Rae Criminal Case are concluded and there is no further risk that proceedings in the Civil Action potentially could jeopardize the integrity and success of such criminal prosecutions.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and the USA, by and through their respective counsel and subject to approval of the Court, that:

1. The above Recitals are incorporated by reference as though set forth fully at length herein.

2. The seal placed upon the Civil Action and its docket by the Court is lifted upon approval and entry of this Stipulated Order by the Court.

3. Plaintiff, as well as all other parties, to the Civil Action, may proceed with all aspects of the Civil Action (including, without limitation, service of original process and all other pre-trial matters) upon approval and entry of this Stipulated Order by the Court.

4. The time limit for service of the summons and Complaint by Plaintiff in the Civil Action pursuant to Fed.R.Civ.P. 4(m) shall commence to run upon approval and entry of this Stipulated Order.

**SO AGREED AND STIPULATED AS OF THIS 8TH DAY OF FEBRUARY 2017.**

Louis D. Lappen, Esquire
Acting United States Attorney for
the Eastern District of Pennsylvania
Denise Wolf, Esquire
Assistant United States Attorney for
the Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
(215) 861-8200

*Counsel for the United States of America*

Nathaniel Metz, Esquire (NM4524)
Amy S. Kline, Esquire
Saul Ewing LLP
1200 Liberty Ridge Drive
Suite 200
Wayne, PA 19087
(610) 251-5050

*Counsel for Plaintiff QVC, Inc.*

APROVED AND SO ORDERED
THIS 13 DAY OF FEB, 2017

Jeffrey L. Schmehl, U.S.D.J.