## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | : CIVIL ACTION |
| | : |
| v. | : NO.  15-cv-3643 |
| | : |
| DOUGLAS RAE, et al. | : |

### MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                         **October 18, 2017**


QVC, Inc. ("QVC") brought this action on June 30, 2015, alleging that the

defendants engaged in a fraudulent scheme against it by falsifying and overstating

invoices they directed to QVC in violation of the Racketeer Influenced and Corrupt

Organizations Act, ("RICO") 18 U.S.C. § 1961, *et seq.* QVC also asserted state law

claims for fraud, conversion, negligence and unjust enrichment.

On October 5, 2015, the Court stayed discovery in this matter pending

disposition of federal criminal charges against the defendants. [Doc. 6.] On December

4, 2015, the Court, upon a stipulation between the government and QVC, entered an

Order allowing QVC to serve the defendants in this action with original process, but

otherwise retaining the stay that had previously been issued. [Doc. 7.]

On February 4, 2016, defendant James Hodde's ("Hodde") attorney of record in

the criminal case, Iris Bennett, Esq. ("Bennett"), signed a Waiver of the Service of

Summons (the "Waiver") form on behalf of Hodde, accepting service on his behalf of the

Complaint in this matter. (Bennett Decl. at ¶ 2.) However, at no time did Bennet either

enter her appearance on behalf of Hodde or file any type of pleading, motion or

stipulation. QVC filed the Waiver with the Court on March 1, 2016. [Doc. 8.] Bennett

avers that at the time she signed the Waiver, she had hoped to be able to represent

Hodde in this action, but she "had not been able to make a final determination in that

regard." (Bennett Decl. at ¶ 3.)  After the defendants pled guilty and were sentenced,

the Court lifted the stay on February 14, 2017. [Doc. 10.]  Neither Hodde nor Bennett

filed a responsive pleading to the original Complaint.

On July 18, 2017, Bennett received a copy via U.S. mail of the First Amended

Complaint. (Bennett Decl. at ¶ 4.) The First Amended Complaint differed from the

original Complaint in that QVC's insurer, Travelers Casualty and Surety Company of

America ("Travelers"), had been substituted as the plaintiff. [Doc. 13.] After paying

insurance proceeds to QVC, Travelers succeeded and became subrogated to all of

QVC's claims against the defendants. (*Id.)* The First Amended Complaint added two

counts of common law civil conspiracy and eliminated the counts for conversion and

unjust enrichment. (*Id.*)  In addition, the First Amended Complaint alleged two separate

RICO conspiracies, whereas the original Complaint only alleged one RICO conspiracy.

(*Id.*)

On July 20 2017, Bennett notified Travelers' counsel by email that she was still

evaluating whether she would represent Hodde in this action, and that Hodde had not

waived personal service of the First Amended Complaint. (Bennett Decl at ¶ 5.) Bennett

also advised Travelers' counsel that the previous Waiver of Service she had executed

regarding QVC's initial Complaint did not apply to Travelers' First Amended Complaint. (*Id.*)

On July 20, 2017, Travelers' counsel responded by email that they had effectuated service on Hodde by sending the First Amended Complaint to Bennett via U.S. mail since Bennett had accepted service of QVC's initial Complaint on February 4, 2016. (Bennett Decl. at ¶ 6; Metz Decl. ¶ 6.) Travelers' counsel also stated that the filing by QVC of the Waiver regarding the initial Complaint constituted an entry of appearance by Bennett in this case under Local Rule 5.1. (*Id.*) Finally, Travelers' counsel cautioned that, absent a timely response to the First Amended Complaint, Travelers would move for the entry of default under Rule 55(a) of the Federal Rules of Civil Procedure. (Metz Decl ¶ 7.)

On July 31, 2017, Bennett and her law partner spoke with Travelers' counsel by phone to see if this matter could be settled. (Bennett Decl at ¶ 10; Metz Decl ¶ 8.) At this time, Bennett had still not entered an appearance nor filed a pleading, motion, or stipulation. Bennett and Travelers' counsel were unable to reach a settlement.

On August 1, 2017, Travelers' counsel filed a request for entry of default. [Doc. 15.] Having determined that Hodde could not secure funding to pay her firm's fees, Bennett, on August 1, 2017, filed a Protective Motion for Leave to Withdraw as Counsel for Hodde. (Bennett Decl at ¶ ¶12, 13; Doc 16.)

On August 4, 2017, the Court received a letter from Hodde, dated August 1, 2017, advising the Court that he intended to proceed in this matter *pro se* and requested an additional 60 days to file an Answer to the First Amended Complaint. [Doc. 18.] On August 7, 2017, the Court received another letter from Hodde, dated

August 2, 2017, requesting that the Court deny Travelers' request for a default

judgment. [Doc. 19.] On September 14, 2017, new counsel entered his appearance on

behalf of Hodde. [Doc. 32.] The Court held a hearing on September 15, 2015, at the

conclusion of which the Court, out of an abundance of caution, granted Bennett's

protective motion to withdraw. [Doc. 34.]

The Court will deny Travelers' request for the entry of default based on the fact

that Hodde was never personally served with the First Amended Complaint.

Travelers claims it properly served Hodde with the First Amended Complaint

when it mailed a copy of the First Amended Complaint to Hodde's attorney in his

criminal case, Bennett. According to Travelers, Bennett entered her appearance on

behalf of Hodde when she signed the Waiver for the original Complaint and thus was

attorney of record in the civil case and legally responsible for receiving all future filings.

Local Rule 5.1(a), however, provides that "[t]he filing of a pleading, motion or

stipulation shall be deemed an entry of appearance. Other appearances of counsel shall

be by Praecipe filed with the Clerk." The Waiver that Bennett signed for the original

Complaint is clearly not a pleading, motion or stipulation. *See* Fed. R. Civ. P. 7(a)-

(b)(defining pleadings and motions). Nor did Bennett ever file a Praecipe of appearance

in the instant case with the Clerk. Therefore, Bennett did not enter her appearance on

behalf of Hodde in this matter. Since Bennett never filed an entry of appearance, the

Court finds that Bennett did not represent Hodde as counsel of record in this civil case.

As a result, Travelers was required to effectuate personal service of the First Amended

Complaint on Hodde.

An additional argument may be made that Rule 5(a)(2) of the Federal Rules of Civil Procedure states, "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." At the time Travelers filed its First Amended Complaint, Hodde was in default for having failed to appear in response to the original Complaint (even though QVC failed to request an official entry of default). In addition, the First Amended Complaint clearly set forth a new claim for relief (civil conspiracy) against Hodde. The First Amended Complaint also contained a new plaintiff (Travelers) and asserted an additional RICO conspiracy. Therefore, since Hodde was in default for failing to appear in response to the original Complaint, and the First Amended Complaint asserted a new claim for relief against Hodde, Travelers was required, pursuant to Rule 5(a)(2),  to have made personal service of the First Amended Complaint upon Hodde. Since Travelers failed to do so, Hodde was never effectively served and a response to the First Amended Complaint was not due on July 31, 2017.

In short, once Bennett signed the Waiver for the original Complaint, Travelers unreasonably assumed that Bennet would sign another waiver for the First Amended Complaint. When Bennett refused to do so, it was incumbent upon Travelers to have personally served Hodde with the First Amended Complaint. Having failed to effectuate proper service, Travelers cannot seek a default, claiming Hodde did not file a responsive pleading

An appropriate Order follows.